O’NIELL, Chief* Justice
 

 (dissenting).
 

 The defendants, Wilson Wood, Wyatt Wood and Gentry Wood, were convicted of the crime of simple kidnapping and sentenced to imprisonment in the penitentiary for four and a half years.
 

 It appears from the statements made or approved by the trial judge in the bills of exception that the prosecution was for the kidnapping of Orice Parker, one of two young women who were involved in the affair. The other one of them, Mary Lee Wood, married one of the three defendants, Wilson Wood, about two weeks after the date of the alleged kidnapping, and on the trial of the case was a witness for the defendants. She testified that the three young men who were then on trial were not the men who kidnapped her and the prosecuting witness, Orice Parker, and had sexual intercourse with them on the occasion of the kidnapping.
 

 There are three bills of exception in which the defendants complain of the judge’s allowing the state to introduce evidence that the defendants raped or had sexual intercourse with the two young women on the occasion of the alleged kidnapping. The bill in which the salient facts disclosing the error of the judge are stated completely is Bill of Exception Number IV, which reads as follows:
 

 “Be it remembered that on the trial of this cause the District Attorney on cross-examination propounded the following objectionable questions to Mary Lee Wood, nee Young, a witness sworn in chief for the defendants; said objectionable questions being as follows, to-wit:
 

 “Q. ‘Did Dr. McCuller treat you for anything resulting from your relations with these boys?’ A. ‘Yes sir, he gave me some shots.’
 

 
 *403
 
 “Q. ‘What did he give you these shots ■ for?’ A. ‘I don’t know. I know what he said.’
 

 “Q. ‘Did he give you more than one shot?’ A. ‘Yes sir, we went up there two or three times.’
 

 “Q. ‘What did he say the shots were for?’ A. ‘He said they were for a bad disease.’
 

 “To which questions the defendants, through counsel, then and there objected .for the following reasons,
 
 to-wit:
 

 “Even though the witness was under «cross-examination, such
 
 testimony was
 
 not relevant to [the] crime charged and would only have a tendency to prejudice the minds of the jurors against the defendants. That the mere fact that this witness was placed on the stand by the defendants did not license the District Attorney to go completely outside the events surrounding the crime charged under the guise of testing the credibility of the witness.
 

 “Whereupon, the Court overruled the defendants’ objections, recalled the jury, which had been previously removed, and permitted the questions to be asked and answered in the presence of the jury; to which ruling of the Court, the defendants, through their counsel, then and there ex- ■ cepted, reserved these bills of exception, .and made the evidence of said witness a .part of these bills of exception, which, having first been tendered to the District Attorney, were given to the Judge for his reasons and signature.
 

 “Signed — L. G. Campbell,
 

 attorney for defendants.”
 

 [The following statement per curiam was inserted by the judge before he signed the bill] :
 

 “This witness was on cross-examination. She took the stand and testified for the defendants, saying that they were not the three men that picked [up] her and the Parker girl. Shortly after the crime had been committed she [Mary Lee Wood] identified the three as the men [who had had sexual intercourse with the girls on the occasion of the kidnapping.] She denied this on the witness stand, but her mother took the stand and testified that she did identify them. Also the mother of the Parker girl and W. H. Horton, deputy sheriff, testified that she [Mary Lee Wood] had identified them.
 

 “In view of her testimony on direct examination I think the district attorney had the right to ask the questions and most anything else to test her credibility. (Sgd) J. F. Mclnnis, Judge.” *
 

 In effect this witness, Mary Lee Wood, as a result óf the cross-examination, informed the jury that she had contracted a venereal disease as a result of having been raped. But the important fact was that she already had told the jury that the three defendants then on trial were not the same
 
 *405
 
 men who had kidnapped her and raped or had sexual intercourse with her, and though the prosecuting attorney in his question asked if she had been treated for anything resulting from her relations with “these” boys, and although she answered that she had been treated for a venereal disease, she meant, of course, that she had been treated for a venereal disease which she had contracted as a result of her relations with the boys who, she had stated, had kidnapped and raped or had sexual relations with her. She did not intend -to refer to the defendants because she had just stated that the defendants were not the parties who had kidnapped and raped or had sexual relations with her. With this explanation of the testimony, it is clear that the trial judge committed a reversible error in allowing the witness, Mary Lee Wood, to leave the jury with the impression that the three men on trial had raped or had had sexual intercourse with the girls and had given them a venereal disease. Such evidence was not only prejudicial to the three defendants on trial but it was unfair to them in that it identified them as being the same three who had sexual intercourse with the girls and gave them the venereal disease. And that in turn — erroneously- — -identified the three young men on trial as the parties who committed the crime of kidnapping.
 

 • For these reasons I respectfully dissent from the prevailing opinion in this case.